McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>RUBEN ANGEL CASTRO,<br><br>               Defendant. | CASE NO.  2:20-CR-0004-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: October 29, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

By previous order, this matter was set for status on October 29, 2020.  By this stipulation and proposed order, the parties respectfully request that the Court continue the status conference until December 17, 2020.  To the extent it is needed, this stipulation supplements the basis for exclusion of time under the Court's General Orders addressing public health concerns, and requests that the Court also exclude time between October 29, 2020, and December 17, 2020, under Local Code T4, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

1   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6   or in writing").

7         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

9   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

10  the ends of justice served by taking such action outweigh the best interest of the public and the

11  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

12  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

13  ends of justice served by the granting of such continuance outweigh the best interests of the public and

14  the defendant in a speedy trial." *Id.*

15        The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

16  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

27

28         [1] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
   Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

pretrial continuance must be "specifically limited in time").

## STIPULATION

1.      By this stipulation, defendant now moves to continue the status conference until December

17, 2020, at 9:30 a.m., and to exclude time between October 29, 2020, and December 17, 2020, under the

Court's General Orders and Local Code T4.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced the discovery associated with this case which
includes, among other things, a considerable number of investigative reports, video surveillance,
audio recordings, and laboratory reports.  The government produced this discovery via a file
sharing cloud platform, to which defense counsel has access.

b)      Counsel for defendant believes she will need some time to go through the
discovery.  Counsel will also need additional time to consult with her client, to review the current
charges, to conduct investigation and research related to the charges, to review discovery for this
matter, to discuss potential resolutions with her client, to prepare pretrial motions, and to otherwise
prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested
continuance would deny counsel the reasonable time necessary for effective preparation, taking
into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the
case as requested outweigh the interest of the public and the defendant in a trial within the original
date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
et seq., within which trial must commence, the time period of October 29, 2020 to December 17,
2020, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to
18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted
by the Court at defendants' request on the basis of the Court's finding that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  October 26, 2020                                    McGREGOR W. SCOTT
                                                           United States Attorney

                                                           /s/ JAMES R. CONOLLY
                                                           JAMES R. CONOLLY
                                                           Assistant United States Attorney


Dated:  October 26, 2020                                    /s/ LINDA C. ALLISON
                                                           LINDA C. ALLISON
                                                           Assistant Federal Defender
                                                           Counsel for Defendant
                                                           RUBEN ANGEL CASTRO


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 27th day of October, 2020.


                                                           Troy L. Nunley
                                                           United States District Judge